SIGNED THIS: April 20, 2016

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL D. KIMBRELL and ) | Case No. 14-81545 |
| JODY D. KIMBRELL, ) | |
| ) | |
| Debtors. ) | |

### OPINION

This matter is before the Court on the motion of creditor, Republic Bank of Chicago, for partial summary judgment on the objection to its claim filed by the Debtors, Jody and Michael Kimbrell. The primary issue is whether a state court judgment entered against the Debtors on the Bank's Promissory Note precludes the Debtors from challenging the validity and amount of the debt that is the basis for the Bank's claim.

### Background

Jody Kimbrell filed a chapter 11 petition on August 29, 2014, and her case was converted to chapter 13 on October 23, 2014. Her husband, Michael Kimbrell, filed a chapter 13 petition on November 26, 2014. The cases were consolidated on December 30, 2014.

On September 25, 2014, Republic Bank filed its proof of claim as Claim 3-1 in Jody's case asserting a claim amount of $249,755.89 as of her petition date, classifying the claim as secured by real estate, and identifying the basis for the claim as a judgment on a commercial mortgage. On October 14, 2014, Jody filed an objection to Claim 3-1 challenging the validity of the claim and asserting that the judgment had been appealed to the Third District Appellate Court for Illinois, attaching the notice of appeal and the docketing order.

The judgment emanates from a confession of judgment proceeding commenced when Republic Bank filed a complaint on January 13, 2014, against Jody and Michael Kimbrell and Anna Isaacs, who is Jody's mother and a chapter 13 Debtor in Case No. 14-81703 filed September 25, 2014. The complaint in Peoria County Case No. 14 L 12 sought to confess judgment on a Note dated May 6, 2005, evidencing a loan to the Defendants as co-borrowers in the amount of $294,500.00. The complaint alleged the balance due as of January 10, 2014, to be $194,355.58. Judgment was confessed and entered against the Defendants on January 28, 2014. The Defendants moved to open the judgment and their motion was granted on June 30, 2014.

Thereafter, Republic Bank and the Defendants filed cross-motions for summary judgment. The Defendants' motion asserted, among other arguments, that the May 6, 2005 Note had been "released." By order entered August 28, 2014, the circuit court entered its order granting summary judgment in favor of the Bank and denying the cross-motion of the Defendants, specifically finding that the document the Defendants offered as a release of the Note did not effect a release or cancellation of the debt. The court entered judgment

in favor of the Bank and against the Defendants in the amount of $194,355.58 as of January 10, 2014. The Defendants appealed the judgment to the Third District Appellate Court. By order entered December 4, 2015, the Appellate Court affirmed the judgment. No further appeal was taken by the Defendants.

In its motion for partial summary judgment, Republic Bank argues that the circuit court judgment, affirmed on appeal and now final, precludes the arguments made by the Debtors in their objection to Claim 3-1, based upon the law of preclusion and the *Rooker-Feldman* doctrine. In her objection to the claim, filed while the appeal was pending, Jody admits that the Note for $294,500.00 was signed, but asserts that the debt was subsequently "released" on April 28, 2010, and that the circuit court judgment on August 28, 2014, was entered in error. In their response to the Bank's motion for partial summary judgment, the Debtors reassert the same arguments, that the Note was released and that the judgment was procured by misrepresentations of fact made by the Bank to the circuit court. For the reasons stated below, the Debtors are precluded from relitigating the validity and amount of Republic Bank's claim based on the state court judgment.

## **ANALYSIS**

First, the Court will address the applicability of the *Rooker-Feldman* doctrine, which the Bank argues is applicable here. The *Rooker-Feldman* doctrine prevents federal trial courts from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments and inviting the federal trial court to review and reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005). The doctrine is a narrow one, confined to cases involving parties who

are attacking the judgment itself or the procedures used in obtaining the judgment. *GASH Assocs. v. Village of Rosemont, Ill.,* 995 F.2d 726, 728 (7th Cir. 1993). *Rooker-Feldman* thus comes into play only when the federal court is asked to assess the propriety of a state court judgment. If instead a federal plaintiff presents some independent claim, even one that denies a legal conclusion that a state court has reached, the *Rooker-Feldman* doctrine does not bar the court's jurisdiction. *Arnold v. KJD Real Estate, LLC,* 752 F.3d 700, 705 (7th Cir. 2014). If the alleged injury was "caused by the judgment," *Rooker-Feldman* applies. *GASH,* 995 F.2d at 729. If, on the other hand, a party who lost in state court merely wants to reassert a rejected theory of relief or defense, *Rooker-Feldman* does not apply, and the matter should be resolved by application of the usual principles of claim and issue preclusion. *Id.* The *Rooker-Feldman* doctrine does not displace 28 U.S.C. § 1738 and turn all disputes about the preclusive effects of judgments into matters of federal subject matter jurisdiction.[1] *Freedom Mortg. Corp. v. Burnham Mortg., Inc.,* 569 F.3d 667, 671 (7th Cir. 2009).

The Debtors, as named Defendants in the confession of judgment action brought by the Bank, challenged the validity of the debt by asserting that the Note had been released. The circuit court rejected the Debtors' argument, determining that the Promissory Note had not been released or cancelled, and entered judgment in favor of the Bank. In this claim objection proceeding, the Debtors assert the same argument rejected by the state circuit and appellate courts, that the Note was released. They are not, however, claiming that the judgment itself was procedurally improper or that it caused an injury that this federal bankruptcy court should redress. The Debtors are simply reasserting the same Note

---

[1] Section 1738 provides that state-court judgments are to be accorded the same full faith and credit by federal courts as they have by law in the courts of the state where issued.

4

liability defense – release – previously rejected by the state courts. In this Court's view, the Debtors' argument raises a plain vanilla issue of preclusion, which this Court has jurisdiction to decide. *Rooker-Feldman* is not implicated.

By ignoring the state court judgment and attempting to relitigate the merits of the arguments they made, and lost on, in the state courts, the Debtors are taking a position that triggers application of the doctrine of claim preclusion (a/k/a *res judicata*) which operates as a bar to all matters that were offered to defeat a claim in the prior action as well as all matters that could have been offered for that purpose. *Arvia v. Madigan,* 209 Ill.2d 520, 533, 809 N.E.2d 88 (2004). Once a final judgment has been rendered, claim preclusion, based on principles of finality, acts as a bar to a subsequent suit between the parties involving the same cause of action. *Rein v. David A. Noyes & Co.,* 172 Ill.2d 325, 334-35, 665 N.E.2d 1199 (1996); *Carlson v. Rehabilitation Institute of Chicago,* --- N.E.3d ----, 2016 IL App (1st) 143853 (*res judicata* prevents a multiplicity of lawsuits between the same parties where the facts and issues are the same). For the doctrine of claim preclusion to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 302, 703 N.E.2d 883 (1998).

There is no dispute that the first and third elements are satisfied. The circuit court's judgment on the Note in favor of Republic Bank, having been affirmed by the appellate court and no further appeal having been filed, is final, and the parties to the state lawsuit are identical to the litigants involved in the pending claim objection proceeding.

As to the second element, the Illinois Supreme Court has adopted the transactional test to determine whether causes of action are the same for claim preclusion purposes. *River Park,* 184 Ill.2d at 310-11. Under this test, the second claim will be considered the same cause of action as the prior one if both arise from a single group of operative facts, even if cloaked in different theories of relief. *Id.* It bears emphasizing that the Bank's cause of action set forth in the state-court complaint (the first cause of action) must be compared with its proof of claim (the second cause of action) filed in the bankruptcy case.

In bankruptcy, the validity of a creditor's claim is determined as a matter of state law. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654 (1991). The claim objection process in bankruptcy is intended to resolve disputes about the validity and amount of a claim. *In re Gatewood,* 533 B.R. 905, 909 (8th Cir. BAP 2015); *In re Hann,* 476 B.R. 344, 355 (1st Cir. BAP 2012). *See, also,* FRBP 3001(f)(proof of claim shall constitute *prima facie* evidence of the validity and amount of the claim). Thus, where a judgment has been entered in a prepetition state court action to establish or enforce a debt and where the judgment is final and nonappealable, claim preclusion is the doctrine that ordinarily bars the debtor from challenging the validity and amount of the claim in the bankruptcy case.[2] *In re Mitchell,* 281 B.R. 90, 93 (Bankr.S.D.Ala. 2001); *Matter of Marvel,* 138 B.R. 451 (Bankr.D.Del. 1992).

The validity of the Promissory Note, the Debtors' liability thereunder, and the balance due, were the issues raised in the confession of judgment complaint and subsequently determined in the state court judgment. Republic Bank filed its claim on the basis of that judgment. Accordingly, the claim in bankruptcy arises from the same

---

[2]In contrast, issue preclusion is the doctrine applicable in nondischargeability proceedings where the causes of action are federal ones under section 523(a). *See In re Jahrling,* 514 B.R. 565, 570 (Bankr.N.D.Ill. 2014)

6

operative facts at issue in the state court complaint. The second element is clearly satisfied.

It follows that the doctrine of claim preclusion applies so as to preclude the Debtors from relitigating the validity and amount of Republic Bank's claim. The doctrine bars the losing party from raising in the subsequent litigation any defenses or arguments of law or fact that were or could have been raised in the first suit to defeat the defendant's liability or to reduce or mitigate the damages.[3] *Rein v. David A. Noyes & Co.*, 172 Ill.2d at 336; *Kosydor v. American Express Centurion Services Corp.*, 2012 IL App (5th) 120110, ¶ 19.

The state court judgment had the effect of merging the Promissory Note into the judgment. *See State Bank of Piper City v. A-Way, Inc.*, 115 Ill.2d 401, 405, 504 N.E.2d 737 (1987). Because a secured creditor's remedies are cumulative, however, the creditor's election to first proceed to judgment on its note does not affect the creditor's right to subsequently enforce its security interest in the property given as collateral. *Id.* Of course, Republic Bank's state-court judgment has no claim preclusive effect with respect to whether or to what extent its claim is secured by real estate, since the Bank's mortgages were not at issue in the confession of judgment proceeding.

In addition, the issue of the amount of Republic Bank's allowed claim is not before the Court on this partial summary judgment motion. Both parties are bound by the state-court judgment amount of $194,355.58, which the judgment states is the balance due as of January 10, 2014. The amount stated in Claim 3-1 is $249,755.89, the calculation of which is not itemized in the claim. The claim amount, as well as the secured status, will be addressed in future proceedings in this case.

The motion for partial summary judgment filed by Republic Bank will be granted.

---

[3] Given the determination that claim preclusion applies, it is not necessary to consider the narrower doctrine of issue preclusion.

7

The doctrine of claim preclusion bars the Debtors from further challenging the validity and amount of their indebtedness to Republic Bank as evidenced by the judgment entered on August 28, 2014, by the Peoria County Circuit Court in Case No. 14 L 12.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###